**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| POI SEARCH SOLUTIONS LLC, | § § § | |
| Plaintiff, | § | CIVIL ACTION NO. 2:15-cv-143 |
| v. | § § | **JURY TRIAL DEMANDED** |
| FATHOM REALTY, LLC, | § § | |
| Defendant. | § § | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff POI Search Solutions LLC ("POI"), for its complaint against the above-named defendant, alleges as follows:

## THE PARTIES

1. POI is a Texas limited liability company with its principal place of business in Marshall, Texas.

2. Defendant Fathom Realty, LLC ("Fathom") is a Texas Limited Liability Company having its principal place of business in McKinney, Texas. Fathom Realty, LLC may be served with process through its Texas registered agent, Joshua Harley, located at 7908 Craftsbury Lane, McKinney, TX 75071.

## BACKGROUND

3. Fathom's website at http://www.fathomrealty.com/ is available to the public. The website shows a digital map for a given location. Responsive to a specified region within the digital map, Fathom's website and/or associated software identifies and displays one or more points of interest within the specified region.

4. On August 13, 2013, U.S. Patent No. 8,510,045 B2 (the "'045 patent") was duly and legally issued for "Digital Maps Displaying Search-Resulting Points-Of-Interest In User Delimited Regions." A true and correct copy of the '045 patent is attached hereto as Exhibit A. A continuation of the '045 patent is currently pending before the USPTO.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), because this action arises under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq*. Venue is proper in this federal district pursuant to 28 U.S.C. §§1391(b)-(c) and 1400(b) in that Fathom resides in this district, a substantial part of the events giving rise to the claims occurred and continue to occur in this district, and/or Fathom has a regular and established practice of business in this district and has committed and continues to commit acts of infringement in this district.

6. This Court has general and specific personal jurisdiction over Fathom, because Fathom has substantial contacts with the forum as a result of conducting substantial business in the State of Texas and within this district. Upon information and belief, Fathom regularly solicits business in the State of Texas and this district; derives revenue from products and/or services provided to individuals residing in the State of Texas and this district; conducts business utilizing the claimed methods with and for customers residing in the State of Texas and this district; and provides and/or markets products and services directly to consumers in the State of Texas and this district.

## INFRINGEMENT OF U.S. PATENT NO. 8,510,045 B2

7. POI is the owner by assignment of all rights, title, and interest in and to the '045 patent. POI is also the owner by assignment of all rights, title, and interest in the aforementioned continuation.

8. On information and belief, Fathom has directly infringed and continues to infringe, literally or under the doctrine of equivalents, one or more of the claims of the '045 patent, in violation of 35 U.S.C. § 271, by making, offering, and/or using in the United States websites, such as http://www.fathomrealty.com/ and its related webpages, websites, software, and/or servers, which provide functionality that perform one or more methods claimed in the '045 patent.

9. On information and belief, Fathom created, developed, supports and/or operates the aforementioned websites.

10. Based on the information presently available to POI absent discovery, and in addition and/or in the alternative to direct infringement, Fathom is liable for indirect infringement of the '045 patent, in violation of 35 U.S.C. § 271(b), by inducing the infringement of the '045 patent, literally or under the doctrine of equivalents, by end users of its websites. On information and belief, Fathom specifically intends to encourage end users of its websites to infringe the '045 patent by intentionally and voluntarily providing its websites to persons within the Eastern District of Texas and instructing them to use the infringing functionality. Fathom was aware that such acts constituted infringement after it became aware of the '045 patent, which is at least the time of commencement of this action and service of this Complaint on Fathom.

11. Based on the information presently available to POI absent discovery, and in addition and/or in the alternative to direct infringement, Fathom is liable for contributory infringement of the '045 patent, in violation of 35 U.S.C. § 271(c), by contributing to the infringement of the '045 patent, literally or under the doctrine of equivalents, by end users of its websites. On information and belief, Fathom's actions are with knowledge that Fathom's websites' infringing functionalities perform the methods claimed in the '045 patent, that Fathom's infringing functionalities are especially made or adapted for use in an infringement of the '045 patent, and that end users of Fathom's websites infringe the '045 patent. Fathom's websites' infringing functionalities have no substantial non-infringing uses and are not a staple article or commodity of commerce suitable for substantially non-infringing use. Fathom is aware that such acts constituted infringement after they became aware of the '045 patent, which is at least the time of commencement of this action and service of this Complaint on Fathom.

12. Fathom's acts of infringement have caused and continue to cause damage to POI, and POI is entitled to recover from Fathom the damages sustained by POI as a result of Fathom's wrongful acts in an amount subject to proof at trial. Fathom's infringement of POI's exclusive

rights under the '045 patent will continue to damage POI, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

13. The limitation of damages provision of 35 U.S.C. § 287(a) is not applicable to POI.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, POI respectfully requests a trial by jury on all issues.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff POI Search Solutions LLC, respectfully requests entry of judgment in its favor and against Fathom as follows:

(a) Declaration that Fathom has infringed U.S. Patent No. 8,510,045;

(b) Awarding the damages arising out of Fathom's infringement of U.S. Patent No. 8,510,045 to POI, together with pre-judgment and post-judgment interest, in an amount according to proof;

(c) Finding any continued infringement to be willful from the time that Fathom became aware of its infringement, which is the time of the filing and service of POI's Complaint at the latest, and awarding treble damages to POI for the period of such willful infringement pursuant to 35 U.S.C. § 284;

(d) Awarding attorneys' fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law; and

(e) Awarding such other costs and further relief as the Court may deem just and proper.

Dated:  February 4, 2015

Respectfully Submitted,

By:  /s/ William E. Davis, III
William E. Davis, III
Texas State Bar No. 24047416
**THE DAVIS FIRM, PC**
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile:  (903) 230-9661
Email:  bdavis@bdavisfirm.com

Christopher M. Huck
Washington State Bar No. 34104
Kit W. Roth
Washington State Bar No. 33059
**KELLEY, GOLDFARB,
HUCK & ROTH, PLLC**
700 Fifth Avenue, Suite 6100
Seattle, Washington 98104
Telephone: (206) 452-0260
Facsimile: (206) 397-3062
Email: huck@kdg-law.com
         roth@kdg-law.com

**ATTORNEYS FOR PLAINTIFF
POI SEARCH SOLUTIONS LLC**